UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
JONATHAN MARK BALM,             )
                                )    Bankruptcy No. 04-00055C
     Debtor.                    )
------------------------------  )
MARIA P. SAVOY                  )
                                )    Adversary No. 04-9060
     Plaintiff,                 )
                                )
vs.                             )
                                )
JONATHAN MARK BALM              )
                                )
     Defendant.                 )
```

**ORDER RE MOTION TO DISMISS COMPLAINT**

    This matter came before the undersigned on June 8, 2004 on Motion to Dismiss Complaint filed by Debtor. Plaintiff Maria P. Savoy was represented by Attorney Janice McCool. Debtor Jonathan Mark Balm was represented by Attorney David Nadler. After argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

    Debtor Jonathon Mark Balm ("Debtor") and petitioner Maria Savoy f/k/a Maria Balm ("Ms. Savoy") were granted a Dissolution of Marriage decree on September 30, 2003. The decree ordered Debtor to pay all credit card debt with the exception of three credit card accounts opened by Ms. Savoy after the parties separated. In addition, Debtor was assigned the arrearage of mortgage debt accruing prior to the May 19, 2003 trial.

    Debtor filed his chapter 7 bankruptcy petition January 9, 2004. Ms. Savoy filed a "Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 523(a)." Debtor filed a Motion to Dismiss the complaint for 1) untimely filing of the complaint,

1

2) failure to state a statute upon which exception to discharge may be based, and 3) the lack of indemnity or hold harmless language in the dissolution decree.

## TIME FOR FILING THE COMPLAINT

Debtor asserts that Ms. Savoy failed to timely file the complaint objecting to discharge of the dissolution debt.  The deadline to file the complaint was April 19, 2004.  Ms. Savoy filed her complaint on April 19, 2004.  The Court finds the complaint was timely filed.

## FAILURE TO STATE A CLAIM

Debtor asserts that Ms. Savoy's complaint fails to state a claim upon which relief can be granted, because it lacks specific reference to § 523(a)(15).  Under Rule 12(b)(6), a plaintiff is not required to set out in detail the facts supporting the claim, but must make a short and plain statement of the claim which will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957).

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would demonstrate an entitlement to relief.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 163-65 (1993); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).  At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  Springdale Educ., 133 F.3d at 651.  When analyzing dismissal under Rule 12(b)(6), the factual allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff.  Id.

Based on the foregoing, the Court concludes the complaint is sufficient to survive a motion to dismiss under Rule 12(b)(6).  Debtor is correct that the complaint does not cite § 523(a)(15) as grounds for relief.  This is not fatal to Ms. Savoy's action.  Paragraphs 9 and 10 of the complaint set out the elements of § 523(a)(15).  The final paragraph requests that Debtor not be discharged from debts arising from the parties' dissolution action.  This is sufficient to state a

2

claim for exception from discharge under § 523(a)(15) and gives Debtor fair notice of what Ms. Savoy's claim is.

### ABSENCE OF HOLD INDEMNITY AND HOLD HARMLESS LANGUAGE

The dischargeability of non-support debt incurred in the course of a divorce is governed by § 523(a)(15) of the Code. Section 523(a)(15) provides that:

> A discharge under 727 of this title does not discharge an individual debtor from any debt--not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation.

Debtor argues that indemnity and "hold harmless" language is necessary to sustain an exception to discharge under § 523(a)(15). Debtor's assertion is derived from the requirement that the debt must be "incurred by the debtor in the course of a divorce."

A minority of courts hold that a dissolution order which assigns payment of debts to one spouse, with no indemnity language, does not create a new debt but merely assigns performance on a previously existing obligation. In re Burton, 242 B.R. 674, 678 (Bankr. W.D. Mo. 1999); In re Richardson, 212 B.R. 842, 844-45 (Bankr. E.D. Ky. 1997); In re Owens, 191 B.R. 669, 673-74 (Bankr. E.D. Ky. 1996); In re Stegall, 188 B.R. 597, 598 (Bankr. W.D. Mo. 1995). The rationale is that it is the presence of a hold harmless agreement or similar indemnification clause that gives rise to the new debt, not the issuance of the decree. Stegall, 188 B.R. at 598.

Most courts hold, however, that because the spouse has an independent state law right to enforce the terms of the dissolution decree, the order itself gives rise to a new and distinct obligation. See, e.g., In re Montgomery, 310 B.R. 169, 2004 WL 1124001 at *7 (Bankr. C.D. Cal. 2004); In re Hazelton, 304 B.R. 145, 150-51 (Bankr. M.D. Pa. 2003); In re Woszczyna, 295 B.R. 425, 429 (Bankr. D. Conn. 2003); In re Osborne, 262 B.R. 435, 439-42 (Bankr. E.D. Tenn. 2001); In re Baker, 274 B.R. 176, 196-97 (Bankr. D. S.C. 2000); In re Crawford, 236 B.R. 673, 677 (Bankr. E.D. Ark. 1999); In re Gibson, 219 B.R. 195, 203 (B.A.P. 6th Cir. 1998); In re McClain, 227 B.R. 881, 885 (Bankr. S.D. Ind. 1998); In re

Bartholomew, 226 B.R. 849, 851 (Bankr. S.D. Ohio) (citing Gibson); In re Carlisle, 205 B.R. 812, 815-18 (Bankr. W.D. La. 1997); In re Schmitt, 197 B.R. 312, 315-16 (Bankr. W.D. Ark. 1996); In re Henson, 197 B.R. 299, 303 (Bankr. E.D. Ark. 1996). These courts reason that the dissolution decree creates a new enforceable obligation between the former spouses, irrespective of their shared liability to the third-party creditor. Henson, 197 B.R. at 303. Similarly, this Court has held that execution of a settlement agreement in a dissolution action creates a new debt between the former spouses. In re O'Shaughnessy, 301 B.R. 24, 32 (Bankr. N.D. Iowa 2003) (finding that dissolution settlement agreement created new obligation for one-half of joint debt to third party).

A hold harmless clause is not a prerequisite element to exception from discharge under § 523(a)(15). Gibson, 219 B.R. at 203. Interpretations which read a hold harmless requirement into § 523(a)(15) are "attempts to create federal common law under 11 U.S.C. § 523(a)(15) to determine when an obligation is created in a divorce or property settlement," which is the domain of state law. Carlisle, 205 B.R. at 818. While the presence of a hold harmless clause may be indicative of the creation of a new debt between the parties, it is the existence of state law enforcement remedies, not specific language in the decree, which gives rise to the new debt. Gibson, 219 B.R. at 202-03.

Under Iowa law, a spouse may enforce a property division pursuant to a dissolution decree against a non-paying former spouse by instituting contempt proceedings. Iowa Code § 598.23(1); In re Marriage of Lenger, 336 N.W.2d 191, 192 (Iowa 1983). A former spouse may also enforce the dissolution decree by execution. Iowa Code § 626.1. The Iowa Supreme Court holds that "any lawful monetary award made in the final determination of a divorce action has the essential qualities of a judgment and may be enforced by execution." Arnold v. Arnold, 140 N.W.2d 874, 877 (1966).

Based on the foregoing, this Court concludes that indemnity language in dissolution documents is not a prerequisite to excepting the dissolution debts from discharge. The debt incurred by Debtor in the course of the dissolution is his obligation to pay the entire amount of the credit card debt and the mortgage arrearages. The dissolution decree does not merely assign performance on an existing

4

obligation, it gives rise to a new debt. Iowa law gives Ms. Savoy the right to enforce Debtor's performance of the dissolution order obligations by contempt proceedings or execution. As such, the obligations incurred by Debtor in the dissolution decree to pay credit card debt and mortgage arrearages are "incurred by the debtor in the course of a divorce" under § 523(a)(15) even in the absence of indemnity or hold harmless language in the dissolution decree.

**WHEREFORE**, Debtor's Motion to Dismiss Complaint is DENIED.

**SO ORDERED** this 2nd day of July, 2004.

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE